UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **YENIS LUQUEZ HERRERA,** <br> **A# 220 735 983, BY NEXT FRIEND** <br> **JORGE MONTES,** <br> <br> Petitioner, <br> <br> v. <br> <br> **WARDEN Karnes County Immigration** <br> **Processing Center , ET AL.,** <br> <br> Respondents. | § § § § § § § § § § § § § § | SA-26-CV-01207-JKP |

## SHOW CAUSE ORDER

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Jorge Montes as "next friend" on behalf of Yenis Luquez Herrera. (ECF No. 1). Herrera is currently detained at the Karnes County Immigration Processing Center. (*Id.*). Upon review, the Court orders Montes, for the reasons stated herein, to show cause why the Petition should not be dismissed.

The § 2241 Petition, which seeks Herrera's release from detention, was filed on her behalf by her cousin, Montes, as "next friend." (ECF No. 1). Next–friend standing is available only when the "real party in interest is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Montes has not demonstrated standing to initiate this action on behalf of Herrera. (ECF No. 1).

Montes states he filed the Petition as next friend because Herrera "is detained and unable to file documents herself." (*Id.*). The Court finds Montes has failed to establish a legal basis for next–friend standing. *See Pressley ex rel. Gakou v. Warden of Pike Cnty. Corr. Facility*,

No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). Moreover, it cannot be said that Herrera, by mere virtue of her detention, lacks access to this Court. She has the same access as other detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Montes could establish standing to bring this action as "next friend" on behalf of Herrera, as a non–attorney he is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Montes*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent [herself] or be represented by an attorney,' because § 1654 says [s]he can." *Id.* "On the other hand, [s]he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent [herself] or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter."). Thus, Herrera may represent herself in this matter, but she

may not be represented by Montes, a non–attorney; rather, Herrera must represent herself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within fourteen (14) days of the date of this Order**, Jorge Montes must show cause why this case should not be dismissed.

**If Jorge Montes fails to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order.** *See* **FED. R. CIV. P. 41(b).**

**IT IS FURTHER ORDERED** that in addition to sending a copy of this Order to Yenis Luquez Herrera at the Karnes County Immigration Processing Center, the Clerk of Court shall send a copy of this Order to Jorge Montes by certified mail, return receipt requested, at the following address: 415 Seawind St., Lakeway, TX, 78734

It is so **ORDERED**.

SIGNED this 11th day of March, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

3